UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAURICE C. PEARL | § | CIVIL ACTION NO.: |
| | § | |
| VERSUS | § | SECTION: |
| | § | |
| WALMART SUPERCENTER STORE NO. 1266, LOCATED AT 2171 ONEAL LANE, BATON ROUGE, LOUISIANA; WAL-MART STORES, INC., WALMART INC.; WALMART LOUISIANA, LLC AND ABC INSURANCE COMPANY | § | |

## NOTICE OF REMOVAL

TO:  **The Honorable Judges
of the United States District Court
for the Middle District of Louisiana**

Defendants, Wal-Mart Louisiana, LLC and Walmart, Inc. f/k/a Walmart Stores, Inc., file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On December 7, 2018, Maurice C. Pearl filed this lawsuit against Wal-Mart Stores, Inc., Walmart Inc. and Wal-Mart Louisiana, LLC in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing Case No. 676906 and entitled *"Maurice C. Pearl v. Walmart Supercenter Store No. 1266, located at 2171 Oneal Lane, Baton Rouge, Louisiana; Wal-Mart Stores, Inc.; Walmart Inc.; Walmart Louisiana, LLC and ABC Insurance Company."* (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Walmart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on December 12, 2018. (*See* CT Corporation's Service of Process Transmittal Notice, attached hereto and marked for identification as Exhibit "B".)

3. The suit seeks damages from Walmart for injuries allegedly sustained by the plaintiff as a result of an incident that occurred at the Walmart Supercenter located on O'Neal Lane in Baton Rouge, Louisiana on December 11, 2017.

4. Plaintiff alleges in Paragraph 5 of the Petition that as a result of the above-described incident, he sustained serious and painful personal injuries exacerbating pre-existing conditions which added to and caused more pain and discomfort. He provides that he has further suffered mental anguish and distress, emotional trauma and shock, as well as physical injuries and losses, and has incurred medical expenses, past, present and future. Plaintiff's Petition fails to provide a general allegation that the claim exceeds or is less than the amount necessary to provide lack of jurisdiction in federal court due to insufficiency of damages. LA CCP Article 893.

5. At his deposition, plaintiff testified that as a result of the fall at Walmart he has sustained a severe aggravation of pre-existing multiple sclerosis which has caused him to lose mobility with the further suggestion that he is now suffering incontinence. Plaintiff further provided that the pain is now such that his everyday activities have been significantly limited and he now suffers frequent falls which have further aggravated his pre-existing conditions as well as to add additional pain and suffering. To date plaintiff has produced no medical support for the allegations. It is on that basis that Walmart propounded to plaintiff through his counsel Requests for Admissions through which he was asked to admit that his damages do not exceed $75,000.00, the jurisdictional minimum for Federal Court. Responses to the Requests for Admissions were

received by counsel for Walmart on October 8, 2019. Plaintiff through his attorney of record responded to the Requests for Admissions affirmatively alleging that in fact damages exceed $75,000.00.

**I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

6. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

**A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

7. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

8. Plaintiff has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

9. While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**B.   COMPLETE DIVERSITY**

10.   Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LP, an Arkansas limited partnership with its principal place of business in Bentonville, Arkansas.  The sole member of Wal-Mart Stores East, LP is its parent company Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

11.   Walmart Inc., f/k/a Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, and is a publicly held company.

12.   Plaintiff is a resident and domiciled in the Parish of East Baton Rouge, State of Louisiana.

13.   Accordingly, there is complete diversity of citizenship between the plaintiff and the only named defendant.

14.   This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

15.   Wal-Mart was served with plaintiff's Responses to Requests for Admissions on October 8, 2019.

- 5 -

## II. WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

16. This Notice of Removal is being filed within thirty (30) days after first receipt by Wal-Mart of a copy of the initial pleadings setting forth the claim of relief upon which the action is based, it is therefore timely under 28 U.S.C. § 1446(b).

17. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

18. The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

19. No previous application has been made by Wal-Mart in this case for the relief requested herein.

20. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Maurice Pearl, and a copy is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

21. Petitioners, Wal-Mart Louisiana, LLC and Walmart, Inc., desire and are entitled to **trial by jury** of all issues herein.

- 6 -

**WHEREFORE**, defendants, Wal-Mart Louisiana, LLC and Walmart, Inc., hereby remove this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/ Roy C. Beard*
ROY C. BEARD, (#17461)
rcb@mcsalaw.com
CHRISTOPHER JAMES-LOMAX (#37174)
cjl@mcsalaw.com
MCCRANIE, SISTRUNK, ANZELMO, HARDY
McDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, La. 70112
(504) 831-0946
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 5th day of November, 2019.

*/s/ Roy C. Beard*