UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAURICE C. PEARL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-758-RLB** |
| **WALMART SUPERCENTER STORE NO. 1266, ET AL.** | **CONSENT** |

## ORDER

Before the Court is Plaintiff's combined Motion to Modify and Reset Deadlines in Scheduling Order under Rule 16(b)(4); Motion to Extend Time for Filing Opposition To, and Defer Consideration of, the Motion for Summary Judgment to Allow Time to Obtain Affidavits or Declarations, or to Take Discovery in Order to Secure Facts that are Unavailable Pursuant to Rule 56(d); and Motion for Expedited Hearing on These Matters and/or Stay of Plaintiff's Deadline for Filing Opposition to Defendant's Motion for Summary Judgment ("Motion to Reset Deadlines") (R. Doc. 19) filed on August 12, 2020. The motion is opposed. (R. Doc. 21).

Also before the Court is Walmart Inc.'s ("Walmart") Motion for Summary Judgment. (R. Doc. 15). The Court previously extended Plaintiff's deadline to file an opposition to August 17, 2020. (R. Doc. 16). After Plaintiff filed his motion, the Court stayed Plaintiff's deadline to oppose Walmart's Motion for Summary Judgment and ordered Walmart to file an opposition addressing whether Plaintiff should be allowed to conduct additional fact discovery under Rule 56(d) and/or Rule 16(b)(4). (R. Doc. 20).

On September 21, 2020, the parties moved for entry of a protective order governing confidential information exchanged in this litigation. (R. Doc. 22). The Court granted the motion and entered the protective order into the record. (R. Doc. 23).

**I.    Background**

On or about December 7, 2018, Maurice Pearl ("Plaintiff") alleges that he sustained injuries at Walmart Store Number 1266 located at 2171 O'Neal Lane, Baton Rouge, Louisiana, when he slipped and fell on a damp and buckled rug situated near an ice machine near the front of the store. (R. Doc. 1-1).  The action remained pending in State Court for approximately 11 months prior to removal.  On April 30, 2019, Walmart provided responses to certain interrogatories and requests for production. (R. Doc. 21-2).

On November 5, 2019, Walmart removed the action, asserting that this Court has diversity jurisdiction and that removal was within 30 days of Plaintiff's admission that damages exceeded the jurisdictional amount. (R. Doc. 1 at 1, 3).

On February 7, 2020, the Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on July 30, 2020, the deadline for Plaintiff to identify experts on August 5, 2020, the deadline for Plaintiff to provide expert repots on October 1, 2020, the expert discovery deadline on December 4, 2020, and the deadline to file dispositive motions and Daubert motions on January 20, 2021. (R. Doc. 8).  The parties consented to proceed before the undersigned. (R. Docs. 9, 10).  The Court set trial to commence on August 2, 2021. (R. Doc. 12).

On July 8, 2020, Walmart filed the instant Motion for Summary Judgment. (R. Doc. 15). Walmart's motion asserts that Plaintiff "cannot put forth evidence that Walmart created or had constructive notice of the condition that he alleges caused him to trip and fall on the premises." (R. Doc. 15 at 1).  Walmart highlights that Plaintiff testified at his deposition that he could not provide any information suggesting that a Walmart employee caused the buckle to appear on the rug or was aware of the buckle in the rug prior to the incident. (R. Doc. 15-1).

In support of his request for the opportunity to conduct additional discovery, Plaintiff argues that the Covid-19 pandemic and related stay-at-home orders beginning in March of 2020 created an impediment to completing discovery. (R. Doc. 19-1 at 2). Plaintiff states that in the course of preparing an opposition to Walmart's Motion for Summary Judgment, Plaintiff's counsel determined that his initial discovery requests were not responded to in full. (R. Doc. 19-1 at 3). Plaintiff also asserts that for approximately six months his counsel has sought to obtain information from two individuals who were with him at the time of the incident, but they have not cooperated. (R. Doc. 19-1 at 4). Plaintiff also seeks an extension of his August 5, 2020, deadline to identify his expert on the basis that it was difficult to obtain an expert during the pandemic and he did not obtain his expert's information until August 10, 2020. (R. Doc. 19-1 at 3).

Plaintiff identifies five of Walmart's interrogatory responses (provided prior to removal) that Plaintiff asserts were not properly answered and states that he will file a motion to compel with respect to these written discovery responses. (R. Doc. 19-3). Plaintiff also attaches an affidavit by his counsel stating that he desires to conduct depositions and file motions to compel. (R. Doc. 19-4). Plaintiff attempted to obtain consent from Walmart the relief sought in the instant motion on August 8, 2020. (R. Doc. 19-5). In short, Plaintiff seeks an order effectively staying the Court's ruling on Walmart's Motion for Summary Judgment until after Plaintiff has had the opportunity to conduct discovery.

In opposition, Walmart asserts that Plaintiff has not established good cause for the discovery sought. First, Walmart suggests that Plaintiff has had sufficient opportunity to complete discovery, notwithstanding the issues raised by the pandemic, and simply did not choose to do so. (R. Doc. 21-1 at 3). Walmart specifically asserts that Plaintiff was "aware of the

names and identities of the relevant Walmart associates since April of 2019" in light of interrogatory responses provided prior to removal. (R. Doc. 21-1 at 3-4). Walmart argues that had the discovery been important to Plaintiff then he would have been diligent in completing it. (R. Doc. 21-1 at 4). Finally, Walmart argues that it will face at least some prejudice that cannot be cured if it must incur the costs of having its associates prepare for and participate in depositions. (R. Doc. 22-1 at 4-5).

**II.     Law and Analysis**

Plaintiff seeks the opportunity to conduct additional discovery under Rule 16(b)(4) and/or Rule 56(d) of the Federal Rules of Civil Procedure. The Court finds it appropriate to consider whether relief is available under either rule. *See Integracolor, Ltd. v. McClure*, No. 13-4357, 2014 WL 4209577, at *2 (N.D. Tex. Aug. 26, 2014) (finding relief to be applicable under both Rule 16(b)(4) and Rule 56(d)).

Rule 16(b)(4) allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enterprises, LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citations and internal quotation makes omitted). "Nevertheless, non-moving parties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Id.* "Instead, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.*

Having considered the record, the Court finds it appropriate to grant Plaintiff's Motion to Reset Deadlines (R. Doc. 19) and deny Walmart's Motion for Summary Judgment (R. Doc. 15) without prejudice to refile after discovery is completed. The parties have recently moved for entry of a protective order governing the exchange of confidential information. Accordingly, it appears that the parties are currently engaged in discovery or otherwise preparing to exchange additional discovery. Furthermore, Walmart moved for summary judgment prior to the close of discovery. Plaintiff has provided sufficient information in support of his motion to demonstrate that additional discovery is needed to oppose Walmart's Motion for Summary Judgment and that good cause otherwise exists for an extension of the discovery deadlines. Among other things,

the current COVID-19 pandemic has generally caused disruptions to litigants' abilities to complete discovery.

Finally, the deadline modifications sought will not require modification of the August 2, 2021 trial date. (*See* R. Doc. 19-5). To accommodate the new fact discovery deadline, the Court has further extended the expert report deadlines, the expert discovery deadline, and the deadline to file dispositive motions and Daubert motions. No parties are prejudiced as both parties will have the opportunity to conduct any necessary additional discovery consistent with the newly established deadlines.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Walmart's Motion for Summary Judgment (R. Doc. 15) is **DENIED** without prejudice to file after the close of discovery.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reset Deadlines (R. Doc. 19), to the extent it remains pending, is **GRANTED**. The Scheduling Order (R. Doc. 12) is modified to provide the following deadlines:[1]

1. The deadline to join other parties or to amend the pleadings is **Expired.**

2. Discovery must be completed as follows:

    a. Exchanging initial disclosures required by F.R.C.P. 26(a)(1): **Expired.**

    b. **Filing** all discovery motions and **completing** all discovery except experts: **November 10, 2020.**

    **NOTE:** Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

---

[1] All deadlines in the Scheduling Order (R. Doc. 12) beyond the deadline to file dispositive motions and Daubert motions remain unchanged and are repeated for ease of reference.

        c.      Disclosure of identities and resumés of experts:

                **Plaintiff(s):**      **September 24, 2020.**[2]

                **Defendant(s):**      **October 16, 2020.**

        d.      Expert reports must be submitted to opposing parties as follows:

                **Plaintiff(s):**      **November 20, 2020.**

                **Defendant(s):**      **December 21, 2020.**

        e.      Discovery from experts must be completed by **January 22, 2021.**

3.      Deadline to file dispositive motions and Daubert motions: **February 26, 2021.**

4.      Deadline to file pre-trial order: **May 14, 2021.**

5.      Deadline to file motions in limine: **June 18, 2021.**

6.      Deadline to file an affidavit of settlement efforts: **July 9, 2021.**

7.      Pre-trial conference date: **June 3, 2021 at 1:30 p.m.** in the chambers of the Honorable Richard L. Bourgeois, Jr.

8.      Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge: **July 16, 2021.**

9.      A **3-day jury trial** is scheduled for **9:00 a.m. beginning on August 2, 2021 in Courtroom 6.**

Signed in Baton Rouge, Louisiana, on .September 23, 2020

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff sought this deadline in his motion. It has expired since the entry of this Order.