UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAURICE C. PEARL                                      CIVIL ACTION

VERSUS                                                NO. 19-758-RLB

WALMART SUPERCENTER STORE                             CONSENT
NO. 1266, ET AL.

## ORDER

Before the Court is the Motion for Summary Judgment filed by Defendant, Wal-Mart, Inc. ("Walmart") (R. Doc. 27). The Motion is Opposed. (R. Doc. 32). Wal-Mart has filed a Reply. (R. Doc. 37).

**I.    Background**

Plaintiff initiated this action with the filing of his Petition for Damages in state court on December 7, 2018. (R. Doc. 1-1). Plaintiff alleges that he sustained injuries at Walmart Store Number 1266 located at 2171 O'Neal Lane, Baton Rouge, Louisiana, when he slipped and fell on a damp and buckled rug situated near an ice machine near the front of the store. (R. Doc. 1-1). Walmart removed this action on November 5, 2019 on the basis of the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). The action proceeded through discovery, and Defendant filed its Motion for Summary Judgment (R. Doc. 27) on December 15, 2020.

**II.   Law and Analysis**

    **A.    Legal Standard**

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with

"specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, summary judgment must be entered against the plaintiff, if he or she fails to make an evidentiary showing sufficient to establish the existence of an element essential to his or her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Without a showing sufficient to establish the existence of an element essential to the plaintiff's claim, there can be "no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

A moving party must support an assertion that a fact cannot be genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Local Rule 56 details the requirements for statements of material facts. "A motion for summary judgment shall be supported by a separate, short, concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." LR 56(b)(1). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." LR 56(f).

**B.      Analysis**

Walmart seeks summary judgment on the grounds that Plaintiff cannot put forth evidence that it had actual or constructive notice of the hazardous condition that caused his fall. (R. Doc. 27 at 1). In the Petition, Plaintiff alleges that as he proceeded to pass across the rug directly in front of the ice machine, he "began to lose his balance tripping, and slipping, on the rug which was damp, ruched and buckled causing him to violently topple over forward." (R. Doc. 1-1 at 2). Similarly, in his deposition, Plaintiff explained that he slipped "right before the rug" and then tripped "on the rug." (R. Doc. 27-4 at 76). He explained that "the rug will buckle, I tripped on that" and that this happened due to "the rug that was buckled." (R. Doc. 27-4 at 77, 79). The allegations in the Petition and statements by Plaintiff in his deposition assert that the rug had either become slippery or had become buckled prior to Plaintiff approaching it so as to create a hazard.

Walmart argues that Plaintiff has no information that any employee caused or knew of any dangerous condition or of there being a buckle in the rug, no information as to how the rug came to be buckled, and no information as to how long the condition existed prior to his fall. (R. Doc. 27-1 at 4).

The parties do not dispute that Louisiana Revised Statute 9:2800.6, the Merchant Liability Statute, governs the claims brought herein by Plaintiff. The Merchant Liability Statute provides in pertinent part as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

3

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care.  In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6(B)(1)-(3), (C).

The question for purposes of summary judgment is whether a reasonable trier of fact could find that Walmart had actual or constructive notice of a condition that presented an unreasonable risk of harm. Notice—actual or constructive—is an essential element of a claim pursuant to the Merchant Liability Statute. "Summary judgment is also appropriate where the nonmovant fails to establish an essential element of his case." *Heath v. Elaasar*, 763 Fed. App'x 351, 352 (5th Cir. 2019), *as revised* (Apr. 2, 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). *See also Ferrant v. Lowe's Home Centers, Inc.*, 2011 WL 4829852, at *4 (E.D. La. Oct. 11, 2011), *aff'd*, 494 Fed. App'x 458 (5th Cir. 2012) (granting summary judgment where there was "no evidence that supports the constructive notice element" of plaintiff's claim, "as required by La. R.S. 9:2800.6B(2).").

In support of summary judgment, Defendant argues that Plaintiff cannot prove the actual or constructive notice element of the Merchant Liability Statute, i.e., that he has no "positive evidence" that Defendant caused the rug's allegedly hazardous condition or that it existed on the floor for "some period of time" before the accident. (R. Doc. 20-1 at 6). Plaintiff alleges that the

4

rug was not flat against the floor, and that it was not secured such that it moved and provided no stability to those traversing it. (R. Doc. 32 at 11).

    Reviewing the video evidence, Plaintiff submitted a two-hour clip of the location in which he fell. That video reveals substantial information, including (1) at least 49 other people traversed the area without incident prior to Plaintiff falling, at least 8 of which were pushing or pulling shopping carts, and at least one was operating a motorized scooter; (2) Plaintiff himself traversed the rug on his way into the store prior to his fall (6:09 p.m.); (2) one of Plaintiff's companions traversed the rug without incident immediately prior to Plaintiff's fall; and (3) at least 8 people traversed the rug without incident after Plaintiff's fall in the approximately twenty minutes of post-incident footage. There is no apparent defect or hazardous condition visible on the video footage, and the rug does not appear to move or shift at any point, except when Plaintiff fell and two points after the incident where it was moved manually while being swept (7:01 p.m. and 7:16 p.m.). The video footage also shows that, at the time of the incident, Plaintiff placed his right foot on the rug first, and then his left foot caught on the rug as it clearly shifts upward and he falls forward. (6:36 p.m.). Plaintiff's narrative surrounding the incident, that 'his left foot, as he began his step, came in contact with the rug and the rug raised up off the floor entangling his foot, hindering, and being an obstacle to, his foot completing the step," appears accurate. (R. Doc. 32 at 3).

    The video evidence does not show that the rug was buckled or compromised at any point prior to Plaintiff's contact with his left foot. At no other point does the rug shift in any direction, nor does any other person appear to have any issue with safely navigating the rug. There is nothing that would have given any notice that there was anything remarkable about the condition of the rug.

What the two hours of video footage reflects is one of two things, each of which would independently warrant summary judgment. Either the rug did not present a hazardous condition, based on the complete lack of any visible evidence on the video or photographs of any defective condition, as well as evidenced by the number of people who successfully traversed it prior to Plaintiff's fall, or, if there was a hazardous condition that cannot be seen on the video, it could have been created by any number of individuals or possibilities unrelated to any action or knowledge attributable to Walmart, such that the condition did not exist for a length of time prior to Plaintiff's fall that would establish constructive knowledge on Walmart's part.

To successfully oppose a motion for summary judgment under the Merchant Liability Statute, a non-movant, such as Plaintiff, must (1) "come forward with positive evidence showing that the damage causing condition existed for some period of time," and (2) show "that such time was sufficient to place the merchant defendant on notice of its existence." *Bryant v. Wal-Mart Louisiana LLC*, 2017 WL 6603148, at *2 (W.D. La. Dec. 22, 2017), *aff'd sub nom. Bryant v. Wal-Mart Louisiana, L.L.C.*, 729 Fed. App'x 369 (5th Cir. 2018) (citing *White v. Wal-Mart Stores, Inc.*, 669 So.2d 1081, 1082 (La. 9/9/97)).

"The plaintiff 'must make a positive showing of the existence of the condition prior to the fall.' *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). Whether the condition existed for a sufficient period of time is necessarily a fact question, but the plaintiff must produce evidence on the point to defeat summary judgment." *Duncan v. WalMart Louisiana, LLC*, 2016 WL 6769645, at *1 (W.D. La. Nov. 15, 2016).

Other than his assertion that the rug was buckled or wet, Plaintiff has failed to show the existence of any evidence that Walmart created or had actual or constructive knowledge of any hazardous condition. Plaintiff also admits in deposition testimony that he does not know how the

rug came to be buckled, how long it was buckled, or whether any Walmart employee knew it was buckled. (R. Doc. 27-4 at 113-114). To the extent that Plaintiff is arguing that there was liquid on or near the rug, Plaintiff suggests in deposition testimony that he does not know what type of liquid caused him to slip, but that the video shows someone mopping the vicinity after his fall, and later states that he recalls someone mopping after his fall. (R. Doc. 27-4 at 112, 113). The video evidence shows that, at approximately 7:14 p.m., the rugs were swept—not mopped—for a period of time, then adjusted. Plaintiff also admits in deposition testimony that he does not know how long the substance was on the floor before he tripped, does not know whether a Walmart employee caused the substance to be there, does not know if a Walmart employee was aware of a substance. (R. Doc. 27-4 at 113-114).

In *Bryant*, the Fifth Circuit affirmed the district court's granting of defendant's motion for summary judgment, noting that the plaintiff "failed to provide evidence that showed the 'condition existed for some time period' prior to the fall." *Bryant*, 729 Fed. App'x at 370. *See also Bowles v. DG Louisiana, LLC*, 2019 WL 5076104, at *4 (W.D. La. Oct. 9, 2019) (granting judgment as a matter of law because the plaintiffs had "failed to produce any evidence suggesting that the spill existed for enough time to show constructive notice on Dollar General's part.").

Perhaps anticipating the deficient proof of notice of any hazardous condition alleged in the Petition or testified to in his deposition, in opposition to the Motion for Summary Judgment Plaintiff submitted an affidavit asserting that the rug itself, because it was not secured to the floor, was a hazardous condition. (R. Doc. 32-2 at 2). In his statement of material facts, Plaintiff asserts that positioning the rug in front of an ice machine "was a hazard" and because it was ¼" or more above the floor, it created a contrast which created an unreasonable risk of harm. (R.

7

Doc. 32-1 at 7). Plaintiff has provided no law or evidence in support of the concept that the existence of a rug in and of itself constitutes a hazardous condition.

A clearly visible mat by an ice machine inside a retail establishment is by no means an anomalous situation or one that is inherently dangerous. *Rhodes v. Whataburger Restaurants, LP*, No. CIV.A. 11-0552, 2012 WL 1100671, at *4 (W.D. La. Apr. 2, 2012) (noting that placing mats to protect customers against drips or splashes of water is a precautionary measure). "Louisiana courts have previously determined that failing to place mats in a public entranceway constitutes negligence when water or mud from outside could create an unreasonably dangerous condition. *Henry v. Wal-Mart Stores, Inc.*, No. CIV.A. 11-00033, 2013 WL 265984, at *2 (W.D. La. Jan. 23, 2013) (citing *Bergeron v. Se. La. Univ.*, 610 So.2d 986, 988–89 (La. App. 1 Cir. 1992). It follows that having a mat in place is not negligence nor actionable fault. *Id*. See also *Smith v. Reliance Ins. Co.*, 431 So.2d 907 (La. App. 2 Cir. 1983) (*flexible* mat that will give and recede and is ¼" raised from the ground does not create an unreasonable risk). The *Smith* court specifically contrasted a mat that would rigidly obstruct or arrest normal striding if someone's foot should strike the edge, such as one glued or secured firmly to the ground as proposed by Plaintiff. Plaintiff has failed to present any evidence that this particular mat was defective or created an unreasonable risk.

"Regardless of a merchant's affirmative duty to keep the premises in a reasonably safe condition, a merchant is not the insurer of the safety of his patrons." *Duncan v. WalMart Louisiana, LLC*, 2016 WL 6769645, at *1 (W.D. La. Nov. 15, 2016), *aff'd sub nom. Duncan v. Wal-Mart Louisiana, L.L.C.*, 863 F.3d 406 (5th Cir. 2017). The mere fact that an accident occurred does not elevate the condition of the thing to an unreasonable vice or defect.

Thus, the Court finds that Defendant Walmart has met it summary judgment burden, and Plaintiff has failed to come forward with positive evidence showing otherwise, despite adequate opportunity to do so. Being unable to establish an essential element of Plaintiff's claim, the Court will grant Defendant's motion.

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion for Summary Judgment (R. Doc. 27) filed by Defendant, Wal-Mart, Inc. be **GRANTED**.

Signed in Baton Rouge, Louisiana, on March 16, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**